# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT BARNES
ADC#085569                                                                               PETITIONER

VS.                          5:13CV00062 BSM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Robert Barnes. *Doc. 1*. Before addressing Petitioner's habeas claim, the Court will review the procedural history of the case in state court.

On December 18, 1985, a Pulaski County jury convicted Barnes of first-degree murder. *Doc. 5-1*. He received a life sentence. *Id.* Barnes appealed to the Arkansas Supreme Court, which affirmed on November 12, 1985. *Barnes v. State*, 287 Ark. 297, 698 S.W.2d 504 (1985).

On February 18, 1987, Barnes filed a *pro se* Rule 37 Petition in Pulaski County Circuit Court, which was denied on May 18, 1987. *Doc. 5-3 at 2*. Barnes appealed the denial of Rule 37 relief to the Arkansas Supreme Court, which affirmed on May 18, 1987. *Barnes v. State*, 1987 WL 10859 (Ark. May 18, 1987) (unpublished *per curiam*).

On June 11, 1987, filed a *pro se* §2254 habeas action in the Eastern District of Arkansas, *Barnes v. Lockhart*, E.D. Ark. No. PB-C-87-328. *Doc. 6-3*. On May 8, 1989, United States District Judge G. Thomas Eisele entered an Order and Judgment denying habeas relief. *Docs. 6-6, 6-8*.

On February 26, 2013, Barnes initiated this federal habeas action. *Doc. 1*. He argues that his trial lawyer ineffectively advised him to reject the state's guilty-plea offer of forty years' imprisonment. Respondent counters that Barnes' claim is untimely and procedurally defaulted. *Doc. 5*.

For the reasons discussed below, the Court recommends that the Petition be dismissed because Barnes has not obtained permission from the Eighth Circuit Court of Appeals to file a successive habeas petition.

## II. Discussion

Barnes' habeas claim is based on the United States Supreme Court's decision in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). In *Lafler*, the Court held that the Sixth Amendment right to counsel applies to plea bargaining, and that a defendant establishes an ineffective assistance claim by "show[ing] that but for the ineffective advice of counsel there is a reasonable probability that . . . the defendant would have accepted the plea . . . and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385.

Barnes acknowledges that his Petition is both successive and filed outside of the statute of limitations. Nonetheless, he points out that a successive habeas claim may proceed if it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]" *See* 28 U.S.C. § 2244(b)(2)(A). Thus, he speculates that, if *Lafler* is a retroactive "new rule of constitutional law," he may proceed with his claim and be entitled to equitable tolling of the limitations period.

In an Amended Petition (*doc. 2*), Barnes candidly admits that, after he prepared his original habeas papers, the Eighth Circuit refuted his position in *Williams v. United States*, 705 F.3d 293 (8th Cir. 2013). In *Williams*, the Eighth Circuit "conclude[ed], as have all of the other circuit courts of appeals that have

addressed the issue," that *Lafler* did *not* announce a new rule of constitutional law. *Williams*, 705 F.3d at 294 (*citing Buenrostro v. United State*s, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012) (*per curiam*); *Hare v. United States*, 688 F.3d 878, 879–80 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932–34 (11th Cir. 2012) (*per curiam*)).

While *Williams* appears to foreclose Barnes' argument for habeas relief, this Court lacks jurisdiction because this is a successive § 2254 habeas action. Only the Eighth Circuit Court of Appeals has the authority to grant permission to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").[1] Until Barnes obtains the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  The Petition for a Writ of Habeas Corpus be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the

---

[1] The Court notes that Barnes' first habeas action concluded well before the AEDPA's enactment in 1996. Nonetheless, the procedural gatekeeping bar of § 2244(b) is applicable. *See Kilgore v. Bowersox*, 181 F.3d 895 (8th Cir. 1999) (*per curiam*) ("It is not relevant that petitioner's first habeas petition . . . was initially filed in the District Court before the enactment of AEDPA. The relevant date is the date of the filing of this application, which of course is after the enactment of AEDPA.") (internal citation omitted).

Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition; and

    2.    A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    DATED this 13th day of November, 2014.

                                                        UNITED STATES MAGISTRATE JUDGE